
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CELSO AMERIT ORTEGA-AMAYA, AKA Jose Amaya, AKA Celso Ortega, AKA Celso Ameth Ortega, AKA Cenlo Ortega, | No.    14-72883 |
| | Agency No. A095-018-632 |
| Petitioner, | MEMORANDUM[*] |
| v. | |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Celso Amerit Ortega-Amaya ("Ortega-Amaya"), a native and citizen of El

Salvador, petitions for review of a Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

---

[*]      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for withholding of removal under the Immigration and Nationality Act ("INA") and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

Whether a group constitutes a "particular social group" is a question of law that we review *de novo*, *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010), but we defer to the BIA's interpretation of governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016).

The BIA did not err in finding that Ortega-Amaya has not established membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (explaining cognizability standard) (citing *Matter of M-E-G-V-*, 26 I & N Dec. 227, 237 (BIA 2014)). Ortega-Amaya has not established that men targeted for recruitment by criminal gangs in El Salvador would be perceived by society or criminal gangs as a particular social group. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 744-46 (9th Cir. 2018) (men in El Salvador resisting gang violence is not a particular social group), *abrogated in part by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013). Ortega-Amaya also has not established that men returning to El Salvador after lengthy absences would be

perceived by society or criminal gangs as a particular social group. *See Reyes*, 842 F.3d at 1138-40 (deportees from the United States to El Salvador is not a particular social group). Thus, Ortega-Amaya's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief. The record does not compel the conclusion that Ortega-Amaya is "more likely than not" to be tortured by or with the consent or acquiescence of the government if he returns to El Salvador. *See* 8 C.F.R. § 1208.16(c)(2); *see also Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). Thus, Ortega-Amaya's CAT claim also fails.

**PETITION FOR REVIEW DENIED.**